IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-CR-40015-JPG |
| | ) | |
| MICHAEL L. REED, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Reed's motion for reconsideration (Doc. 461) of this Court's order denying his motion for transcripts, copies and appointment of counsel (Doc. 442). The Court denied his requests for transcripts and copies in the first instance because he failed to file his prison trust account statement and failed to show that he had requested these documents from his attorney. The Court refused to appoint Reed counsel because he failed to show that he had made reasonable efforts to obtain counsel. It also noted that he was then represented by attorney Rex Burke on appeal. Mr. Reed's appeal has yet to be decided. Mr. Burke continues to represent Reed on appeal, and oral argument is set in the Court of Appeals on December 13, 2006. It appears that Reed only takes issue with the Court's previous order to the extent it denied him copies and transcripts.

## I.     Copies and Transcripts

The reasons stated above were just a few of the reasons for which the Court *could* have denied his requests. There are others as well. Reed requests the transcripts of his sentencing hearing and plea colloquy and copies of the docket sheet, all motions filed by Burke, a copy of the indictment and "discovery of evidence." To receive free copies of documents in his court file, a defendant must show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through

his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *United States v. Groce*, 838 F.Supp. 411, 413-14 (E.D. Wisc. 1993). Even if Mr. Burke has failed to provide Reed with these documents, as Reed claims, he is not necessarily entitled to free copies. If Reed wants these documents without paying for them, he must show that he *cannot* pay for them by filing a copy of trust account statement. That he may have sent this statement to the Court of Appeals is irrelevant; if he wants this Court to grant him free copies, he must demonstrate to this Court that he cannot pay for them.

More importantly, Reed requests these documents to help him prepare a yet-to-be-filed § 2255 petition. As he has not filed this petition, the Court cannot determine if he needs these for a non-frivolous action – bald allegations of Mr. Burke's ineffective assistance will not do. Accordingly, his request for free copies is **DENIED**.

A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. McCollum*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

In this case, Reed has no pending matter before this Court. This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that transcripts are needed to decide the issue or issues presented by such a matter. *United States v. Hovarth*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). If, at some point, Reed should have an action pending before this Court, he may resubmit his request for free transcripts. At such time, he must show (1) that he is indigent , and (2) that the transcripts are needed to decide a pending non-frivolous motion. Reed's request for transcripts is **DENIED**.

## CONCLUSION

Reed's motion (Doc. 461) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: November 7, 2006.**

 /s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**

3