IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-CR-40015-JPG |
| | ) |
| MICHAEL L. REED, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Reed's petition for release of documents *in forma pauperis* (Doc. 472).

The instant motion is Reed's third motion requesting copies of transcripts and other documents he claims he needs for the preparation of a motion under 28 U.S.C. § 2255. The Court denied his first motion (Doc. 442) because Reed failed to show that he tried to obtain the documents from his attorney and that he was financially unable to pay for copies. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *United States v. Groce*, 838 F.Supp. 411, 413-14 (E.D. Wisc. 1993). The Court denied his second motion (Doc. 466) in two parts. It denied his requests for copies of documents other than transcripts because he failed to attach the necessary documents to prove his indigence and because his allegations were insufficient to allow the Court to determine whether he needed the documents "for the preparation of some specific non-frivolous court action." (Doc. 466 at 2). It denied Reed's requests for transcripts because he did not then have any matter pending before this Court. *See* 28 U.S.C. § 753(f); *United States v. McCollum*, 426 U.S. 317 (1976); *United States v. Hovarth*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*).

Reed's most recent request includes the necessary documents supporting his indigence, but again fails to provide information sufficient for the Court to determine whether he needs the documents for the preparation of a specific non-frivolous court action.  Reed only states that "he cannot afford the cost of documents required to file a 28 U.S.C. § 2255 as to prepare, with reference cites, his exhibition of grounds for relief under the color and rules required."  (Doc. 472 at 1). As the Court has repeatedly advised him, indigence alone is not a sufficient showing.

## CONCLUSION

For these reasons, the Court **DENIES WITHOUT PREJUDICE** Reed's motion for free copies of documents related to this case (Doc. 472) and his motion for leave to proceed *in forma pauperis* (Doc. 472).

**IT IS SO ORDERED.**

**Dated: April 11, 2007.**

     s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**